2001 OK JUD ETH 3.

**JUDICIAL ETHICS OPINION 2001–3.**

Oklahoma Judicial Ethics Advisory Panel.

March 30, 2001.

¶ 0 QUESTION 1: May a judge accept a gift from an attorney during the Christmas season?

¶ 1 SPECIFIC FACTS: The judge and the attorney do not have a social relationship outside the Courthouse and the attorney makes a comparable gift to all of the judges in the Courthouse. The gift is inexpensive: e.g. a food, tie, book, or similar gift.

¶ 2 WE ANSWER: YES.

¶ 3 Canon 2: **"A Judge Should Avoid Impropriety and the Appearance of Impropriety in all of the Judge's Activities"**

¶ 4 Canon 4D(5) "A judge should not accept, and should urge members of the judge's family residing in the judge's household, not to accept a gift, bequest, favor or loan from anyone except for:....

(c) ordinary social hospitality; ...

(h) any other gift, bequest, favor or loan, but only if the donor is not a party or other person who has come or is likely to come or whose interests have come or likely to come before the judge; and the judge reports it as may be required by law."

¶ 5 A judge, like other members of society, must be permitted to be involved in ordinary social amenities. "Ordinary social hospitality" quoted above would suggest a gift that would not cause reasonable people in the community to believe the donor was obtaining or intending to obtain any special advantage, nor that the donee would have cause to give the donor any unfair advantages.

¶ 6 It is impossible to set specific parameters regarding such gifts. A gift package of

homemade cookies at Christmas surely would not be perceived as an impropriety. Larger gifts—season tickets to sporting events, free use of a vacation home, free vacation on a cruise ship—would be more than the perception of impropriety. If a gift is given where gifts are traditional, such as special occasions or holidays, or if the gift is given to all of the judges in the Courthouse, there would seem to be no impropriety.

¶ 7 In summary, a judge may receive gifts from an attorney or from other individuals, but in each case, the judge must consider the appearance of impropriety and exercise caution and good judgment.

¶ 8 Robert L. Bailey, Chairman

Robert A. Layden, Vice–Chairman

Milton C. Craig, Secretary